LORRAINE CENTOFANTE *vs.* ALBERT EDMUND CENTOFANTE.

JULY 17, 1953.

PRESENT: Flynn, C. J., Capotosto, Baker, Condon and O'Connell, JJ.

O'CONNELL, J. This is a petition for divorce from bed, board and future cohabitation on the grounds of extreme cruelty and gross misbehavior. The respondent husband filed a motion in the nature of a cross petition, seeking an

absolute divorce on the same grounds as those alleged in the wife's petition.

After a lengthy hearing in the superior court the trial justice granted the original petition on the ground of extreme cruelty and denied and dismissed the cross petition. A final decree was entered to that effect, awarding custody of the minor child of the parties to petitioner, providing for payment of alimony, and for respondent's right to visit the minor child. The case is here on respondent's bill of exceptions to that decision and to other rulings made during the trial.

The transcript of evidence is voluminous. Both parties offered testimony to show that the other party was guilty of gross misbehavior, but the trial justice decided that neither party had presented evidence which would warrant him in granting the respective petitions on that ground. He did hold, however, that the evidence fully justified a finding for petitioner on the ground of extreme cruelty.

It appears clearly from an examination of the record that respondent's exception to the decision is based solely upon the fact that it was in favor of petitioner and not upon the denial and dismissal of his cross petition. In his brief the only point seriously argued is stated as follows: "Is the decision of the trial justice correct in finding that the respondent is guilty of extreme cruelty?" On respondent's contention it therefore becomes necessary for us to determine only whether the trial justice was in error in deciding for petitioner on the ground of extreme cruelty. As to that issue the evidence is conflicting and the trial justice stated: "The evidence bearing on the respondent's alleged extreme cruelty is, I find, very substantial, however." We have carefully examined the transcript and we cannot say that his decision was clearly wrong. The exception thereto is overruled.

The respondent has also taken exceptions to certain evidentiary rulings made during the trial. In our opinion they do not warrant any detailed discussion. However, we have

carefully considered them and find them to be without merit. They are therefore overruled.

All of the respondent's exceptions are overruled, and the case is remitted to the superior court for further proceedings.

*Isidore Kirshenbaum,* for petitioner.
*Luigi Capasso,* for respondent.